UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES GUSTAVE MALOTT,

    Plaintiff,

  v.                                                                                               Case No. 25-CV-819-SCD

AMERICAN FOODS GROUP LLC, and
GREEN BAY DRESSED BEEF LLC,

    Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

---

    James Gustave Malott, proceeding without the assistance of counsel, brings this action against his former employers American Foods Group and Green Bay Dressed Beef. Malott experiences significant pain, which he attributes to radio frequency directed at his body by the defendants. Malott requests that this court make the defendants stop directing radiofrequency at him. Although Malott states that he is experiencing pain and distress, this court does not have subject matter jurisdiction over his allegations. Accordingly, the complaint must be dismissed.

## BACKGROUND

    Malott used to work for American Foods Group. *See* ECF No. 1 at 3, 9–10. Green Bay Dressed Beef is part of American Foods Group.[1] In April of 2019, Malott developed a headache while at work and believes that this was when he was first affected by "EMFs." *See id.* at 9. Malott had a conversation with a general supervisor who told him that he would need

---

[1] *See* American Foods Group, About Us, https://www.americanfoodsgroup.com/greenbaydressedbeef (accessed Sept. 11, 2025).

to subpoena the "IP" of the DigiCert signing certificate that's connected to his phone. *Id.* at 9–10. (I am assuming that "IP" refers to the "internet protocol" address that identifies a device on a network.) Malott believes the DigiCert signing certificate is appearing on every device he tries to use, and it's interfering with his ability to stop the radiofrequency directed at him. *See id.* at 7–8.

Malott is in significant pain. *Id.* at 11. He has gone to the emergency room multiple times, has called the police about once a week out of pain, and has sought assistance from lawyers. *Id.* at 3–4, 11. He now asks for help in federal court. *See id.*

The defendants filed a motion to dismiss Malott's complaint. ECF No. 14. Malott filed a response, ECF No. 22, and the defendants filed a reply, ECF No. 27. Malott also filed a subpoena to produce documents directed towards the IP that the DigiCert signing certificate on his phone is connected to. *See* ECF No. 25. All parties have consented to magistrate judge jurisdiction. *See* ECF Nos. 3, 18.

## DISCUSSION

American Foods Group and Green Bay Dressed Beef argue that Malott's complaint should be dismissed for three reasons. Because I agree that there is no federal hook for Malott's claims, meaning that this court does not have subject matter jurisdiction, I will limit my analysis to that issue.

This court does not have subject matter jurisdiction over Malott's allegations. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Generally, a federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the

2

United States," 28 U.S.C. § 1331, or "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States," 28 U.S.C. § 1332(a)(1).

Based on the allegations in the complaint, this court lacks subject-matter jurisdiction over Malott's action. Malott alleges that sections 1331 or 1332 give this court jurisdiction. *See* ECF No. 22 at 4. Those statutes describe the circumstances where a federal court can hear a case, but they do not create a cause of action. Malott does not identify—and the defendants and the court are not aware of—any federal law under which an intentional tort based on radiofrequency can be brought against an employer or former employer. ECF No. 27 at 2. Also, Malott alleges that all parties are citizens of Wisconsin, *see* ECF No. 1 at 1–2, so there's no diversity jurisdiction under § 1332 for a state-law tort claim.

Because Malott has failed to plead facts that establish subject-matter jurisdiction, this action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Because the court is without jurisdiction, I do not address the defendants' other arguments for dismissal. *Kromrey v. U.S. Dep't of Just.,* 423 F. App'x 624, 626 (7th Cir. 2011) ("unless both subject-matter and personal jurisdiction have been established, a district court must dismiss the suit without addressing the substance of the plaintiff's claim.")

## CONCLUSION

Accordingly, the court **GRANTS** the defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction, ECF No. 14. The case is dismissed without

3

prejudice under Fed. R. Civ. P. 12(b)(1). Motions [30] and [32] are denied as moot, as they do not impact jurisdiction.

**SO ORDERED** this 23rd day of September, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge